**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIM. NO. 1:24-cr-200-BAH** |
| **RICHARD MICHAEL ROE,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

## GOVERNMENT'S MOTIONS IN LIMINE

The United States of America, by and through its attorneys, hereby files its Motions in Limine.

### I.      Procedural Posture of the Case

On May 17, 2024, a criminal complaint was filed and an arrest warrant was issued for Roe. He was arrested on May 20, 2024 and made his initial appearance on May 22, 2024.  Roe was released on bond.

On June 18, 2024, a federal Indictment was returned charging defendant with one count of cyberstalking in violation of 18 U.S.C. § 2261A and 7 counts of harassing phone calls in violation of 47 U.S.C. § 223.

On June 24, 2025, this Court heard arguments on three pretrial defense motions to dismiss and sever counts, all of which were denied.

Trial is set for February 17, 2026 with a pretrial conference set for January 30, 2026.

### II.     Statement of Facts

The United States set forth a detailed statement of facts in its motion response to dismiss the indictment [ECF No. 36] and incorporates it by reference.

1

## III.    Motions in Limine

The United States files the following motions in limine in advance of trial.

### A.  The Court Should Admit Rule 404(b) Evidence

Rule 404(b) provides: "Evidence of a crime, wrong, or other act . . . may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" (emphasis added). Rule 404(b) "is understood to be a rule of inclusion . . . authorizing evidence of prior acts for purposes other than character, such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (internal citations and quotations omitted). The United States provided 404(b) notice on November 21, 2025. A copy of the notice is attached as Ex. 1.

The defendant's prior stalking and harassing behavior to two other victims in striking similar ways as is alleged in the Indictment here plainly tends to demonstrate relevant aspects of his knowledge, motive, identity and intent. Identity and knowledge appear particularly likely to be centrally contested in this matter as he took great lengths to pretend it was, he who was the victim, and not the perpetrator.  He went so far as to file a false police report in that vein.  The evidence sought to be admitted will be from two victims, two police officers whom the victims spoke to and whom had direct contact with the Defendant advising him to cease the behavior, and the father of one victim who also had contact with the Defendant. The police officers and the father's testimony is relevant because after they had contact with the Defendant, the harassing conduct stopped indicating that it was the Defendant who was responsible.

Evidence of the defendant's prior behavior is especially probative, since it tends strongly to demonstrate that the defendant indeed possessed the requisite knowledge to commit the charged offenses and was the person responsible for the campaign of harassment. Finally, any claimed

prejudice created by the admission of that evidence may properly be addressed by a limiting instruction to the jury provided by the court. See, e.g., *United States v. Fenn*, 554 F. App'x 133, 135 (4th Cir. 2014) (approving admission of legal pornography images in child pornography trial pursuant to Rule 404(b), in part because district court "gave limiting instructions as to the purpose of the images"). Accordingly, the evidence is independently admissible pursuant to Rule 404(b).

### B.  The Court Should Admit Expert Testimony

Rule 702 governs expert testimony at trial. "If specialized knowledge will assist the trier of fact in understanding the evidence or determining an issue, a qualified expert witness may provide opinion testimony on the issue in question." *United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997). The district court performs a gatekeeping function under Rule 702 to ensure that any expert testimony is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). This gatekeeping role applies "not only to testimony based on scientific knowledge, but also to testimony based on technical and other specialized knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) (internal quotation marks omitted).

The district courts "are entitled to broad discretion when discharging their gatekeeping function" to determine whether proposed expert testimony is relevant and reliable under Rule 702. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). "[T]he law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire Co.*, 526 U.S. at 142 (emphasis in the original).

With regard to cell phone extractions, all that is required is "[a] witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise[.]" *See e.g.*

3

*United States v. Prince March aka Daddy*, 568 Fed. Appx. 15, 17 (2nd Cir. 2014). In affirming the district court's ruling allowing the testimony, the Court stated:

> Special Agent Tortorella explained his training in the use of Cellebrite technology to retrieve text messages and other data from a cellular phone; described how he used Cellebrite to do so in this case; and testified that he confirmed the results by checking the messages on the phone itself. He then testified to the contents of the messages retrieved from the phone. Tortorella did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts; nor did his testimony turn on or require a technical understanding of the programming or internal mechanics of the technology.

Likewise, in *United States v. Chavez*, 767 Fed. Appx. 431, 433-4 (4th Cir. 2019), the Court held that the extraction of data using a program like Cellebrite is not expert testimony. *See e.g., Chavez-Lopez*, at 434 ("First, Yerry did not offer an opinion. His brief testimony concerned the actions he took to extract the data—hooking the phones up to a computer, following a few prompts, and saving data onto an external drive. Yerry's role as a witness is, therefore, best characterized as testifying about facts in his personal knowledge.") Other Circuits and courts have so held. *United States v. Marsh*, 568 Fed. App'x 15, 16-17 (2d Cir. 2014) (holding that an officer gave lay testimony because he "did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts" when discussing the extraction of cellphone data through Cellebrite); *United States v. McLeod*, 755 Fed.Appx. 670, 672–75 (9th Cir. 2019); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017); *In re D.H.,* 2015 WL 514336, at *6 (Cal. Ct. App. 2/6/15) (holding that an officer gave only lay testimony about the extraction of data using Cellebrite because '[t]he idea that images may be downloaded from a cell phone is familiar to the general population').

Here, Agents Kuo and Fantigrossi downloaded the primary victim's phone using Axiom and Cellebrite, two commercially available programs, to extract the contents. On October 9, 2025, the United States, out of an abundance of caution, provided expert notice of each of them to discuss what they found. Attached as Exhibit 2 is a copy of the notice letter. Accordingly, this Court should allow them to testify about this process along with the other opinions expressed in the notice letter.

4

### C. The Court Should Admit Business Record Documents Pursuant to Fed. R. Evidence 902(11)

By filing this motion, the United States hereby provides Defendant with notice of its intent to move at trial to admit relevant business records, including documents from various internet service providers, bank and credit card records, and other business records that have been previously provided to you in discovery, all of which are admissible pursuant to Rules 803(6), 803(8), and 902(11) of the Federal Rules of Evidence. The United States has produced in discovery, or made available for inspection, copies of the 902(11) declarations obtained from the records custodians or other qualified witnesses. Copies of the custodial declarations will also be marked, and provided to defense counsel, as part of the United States' trial exhibits. The parties will discuss proposed stipulations as to the admissibility and foundation of these relevant business and public records in order to streamline the trial issues. As of the date of these motions, Defendants have not objected to the use of the custodial declarations to authenticate the business and public records.

### 1. Foundation – Certifications Under Rule 902(11)

Under Rule 902(11), "a party may authenticate a business record through a written declaration by a qualified custodian that the record meets the necessary foundational requirements," but the party intending to offer the record must "provide written notice of that intention to all adverse parties, and . . . make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them." Fed. R. Evid. 902(11). To satisfy Rule 902(11), the declaration must be signed by a custodian of the domestic records or "other qualified person" certifying that the record (1) "was made at or near the time the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;" (2) "was kept in the course of the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice." Fed. R. Evid. 902(11).

"Records of a regularly conducted activity and public records are admissible if, amongst other requirements, 'the opponent does not show the source of information or other circumstances indicate a lack of trustworthiness.'" *United States v. Guardado-Diaz*, 737 F. App'x 119, 122 (4th Cir. 2018) (quoting Fed. R. Evid. 803(6)(E), (8)(B)). "The party opposing admission has the burden to establish unreliability," and public records and records of a regularly conducted activity are presumptively admissible "unless there are sufficient negative factors to indicate a lack of trustworthiness." *Zeus Enters., Inc. v. Alphin Aircraft, Inc*., 190 F.3d 238, 241 (4th Cir. 1999)(internal quotation marks omitted).

To meet the business records exception in Rule 803(6), the record must be: (1) "made at or near the time by—or from information transmitted by—someone with knowledge;" (2) "kept in the course of a regularly conducted activity of a business;" (3) "making the record was a regular practice of that activity;" (4) "all these conditions are shown by the testimony" of a qualified individual or certification; and (5) "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *See United States v. Talley*, 767 F. App'x 477, 487 (4th Cir. 2019), Fed. R. Evid. 803(6).

Here, the United States requests that defense counsel raise any objections to the admissibility of the certified business and public records not later than January 5, 2026. If no objections have been made, the business and public records should be admitted without any further requirement that the United States call live witnesses/custodians to authenticate these records.

## 2. Business and Public Records are Not Hearsay

Business records, such as records from ISPs, banks, and various cell phone providers and other documents kept in the ordinary course of business, are not hearsay and are admissible into evidence pursuant to Rule 803(6) of the Federal Rules of Evidence. Public records, such as criminal conviction records, are not hearsay and are admissible into evidence pursuant to Rule 803(8) of the

Federal Rules of Evidence.

The United States intends to introduce cellular telephone and IP records associated with certain witnesses. These records are admissible as business records under Fed. R. Evid. 803(6). *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (upholding admission of certified telephone records from Verizon under Rule 803(6)).

Computer screen shots are business records and admissible with a record certification and without a live witness, pursuant to Rules 803(6) and 902(11).  *See United States v* Salgado, 250 F.3d 438, 452 (6th Cir. 2001); *Ellis v. Pa. Higher Educ. Assistance Agency*, 2008 U.S. Dist. LEXIS 112150, *6 (C.D. Cal. 2008) (unpublished) (screen captures of computer records were business records under Fed. R. Evid. 803(6)); *Guillermety v. Sec'y of Educ. Of the United States*, 341 F. Supp. 2d 682, 689-90 (E.D. Mich. 2003) (computer printout screens were business records under Fed. R. Evid. 803(6); *In re French, 1999 U.S. Dist. LEXIS 16933* (S.D. Ala. 1999) (unpublished) (district court found that "computer screen printout constitute business records kept in the ordinary course of UPS' business").

### D.  The Court Should Allow Attorney Voir Dire

The United States requests that the Court allow each party equal time for attorney voir dire. Given that the United States has the burden of proof, it respectfully requests to present its voir dire last.  The United States will separately file its request to have the Court ask certain questions of the prospective jurors.

### E.  The Court Should Exclude Witnesses From the Courtroom with the Exception of the Victims, Case Agent, and Defense Investigator

"[A] person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. Fed. R. Evid. 615. The district court may permit a law enforcement officer to be present at the prosecution's table during the trial proceedings under Rule 615. *United States v. Valencia-Riascos*, 696 F.3d 938, 941-42 (9th Cir.

2012) (district court did not abuse its discretion by refusing the exclude law enforcement officer or by allowing him to sit at the prosecution's table).

Here, the case agent, Special Agent Glenn Hartranft, has been critical to the investigation and is considered by the United States to be an integral part of the trial team. Thus, the United States respectfully requests that the Court allow him to be present during the entirety of the trial. Unless the Defendant can make a similar showing as to any of its witnesses, the United States requests that Defendant's testifying witnesses be excluded from the courtroom during the trial.

The United States does not object to a defense investigator remaining in court.

Likewise, under 18 U.S.C. § 3510(a), a district court "… shall not order any victim of an offense excluded from the trial of a defendant accused of that offense because such victim may, during the sentencing hearing, make a statement or present any information in relation to the sentence." The one exception to that is under 18 U.S.C. § 3771(a)(3) which states "[t]he right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding." Here, there is no allegation or argument that exclusion is necessary. Thus, the victims must be allowed to remain in the courtroom if they so choose.

### F. The Court Should Exclude Evidence and Argument Regarding Punishment

The United States moves to prohibit the Defendant, his attorney, or any witness from making any comment or reference, whether direct or indirect, to the penalty or punishment in this case as to the charges the Defendant faces. If the Defendant were to testify, this motion also seeks to preclude any questioning by the Defendant's attorney regarding the Defendant's career or future plans, because this line of questioning could put the issue of penalty in front of the jury. It is "well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnote and citation omitted). A jury's task is to "find the facts and decide whether, on

those facts, the defendant is guilty of the crime charged," while a judge "imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id.* The Supreme Court has recognized that presenting jurors with information regarding the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.* Evidence or argument relating to a potential sentence, or any other punishment, is "irrelevant to the jury's task" of determining if the defendant is guilty of the crimes charged. *Id*; *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (stating that "the jury ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed."). Accordingly, the Defendant should be prohibited from making any comment or reference, whether direct or indirect, to the penalty or punishment in this case as to the charges the Defendant faces.

### G.  The Court Should Preclude Defense Experts

Defendant must disclose written summaries of testimony that the defendant intends to use at trial pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence. The summaries are to describe the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications.  Defendants have not provided formal notice of any expert witness, summaries of his/her testimony, or reports by expert witnesses.  Accordingly, Defendants should not be permitted to introduce any expert testimony if they fail to disclose such information.

If the Court determines that Defendant may introduce expert testimony, the United States may request a separate *Daubert* hearing to determine this expert's qualifications and relevance of the expert's testimony outside the presence of the jury.  *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999); *see also United States v. Rincon*, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision not to admit the defendant's proffered expert testimony because there had been no showing that the proposed testimony related to an area that was recognized as a science or that the proposed testimony

would assist the jury in understanding the case).

### H. The Court Should Preclude Evidence Not Produced Prior to Trial

Both the Supreme Court has excluded evidence not produced by the defense prior to trial. *See Taylor v. Illinois*, 484 U.S. 400, 410-11 (1988) (excluding evidence that was not identified by the defendant until the middle of trial); *United States v. Scholl*, 166 F.3d 964, 972 (9th Cir. 1999) (upholding the exclusion of defense exhibits because they were not disclosed until after the jury was sworn in).  Pursuant to the Federal Rules of Criminal Procedure, the United States is permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, within the possession and control of the defendant, which the defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at trial.

As of the date of these motions in limine, the United States has not received any reciprocal discovery from Defendant.

### I. The Court Should Preclude Testimony About the Defendant's Lack of Criminal History

The United States further moves to preclude the Defendant from introducing any evidence, making any statement or asking any questions at trial regarding the Defendant's lack of prior criminal convictions or arrests. Such evidence is not relevant to the charges pending against him. It is axiomatic that the sole question for a jury in a criminal trial is whether the defendant engaged in the conduct charged in the indictment. For the same reasons that wholly unrelated prior acts of misconduct are excludable unless they fall within one of the exceptions to Federal Rule of Evidence 404(b), the Defendant's prior avoidance of charges for misconduct is not relevant. *See, e.g., United*

*States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions"); *United States v. Rosen*, No. 1:05cr225, 2005 WL 5925549, at *1 (E.D. Va. Nov. 5, 2005) (Ellis, J.) (finding "the absence of criminal conduct at certain times is not relevant to the existence of criminal conduct at other times."); *see also Grant*, 775 F.2d at 512 ("Indeed, testimony that one has never been arrested is especially weak character evidence; a clever criminal, after all, may never be caught."). Moreover, any such evidence would divert the jury's focus away from the issues before it regarding the conduct charged and raise the danger of a verdict based on events other than those at issue in the indictment. Therefore, the Court should preclude the defense from arguing, or eliciting evidence regarding, the Defendant's lack of convictions or prior arrests.

### J.   The Court Should Preclude References to the Defendant's Health

The United States also respectfully moves to preclude the Defendant from introducing any evidence, making any statement, or asking any questions regarding the Defendant's current physical or mental health, including, without limitation, current diseases, traumas, illnesses, attacks, and medical or psychological conditions. Though the Defendant's health at the time of the offenses may be relevant, information regarding the Defendant's current condition is irrelevant, and because it serves only to appeal to the sympathies of the jury, it would be highly prejudicial. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that unfairly prejudicial evidence is evidence that has an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" (quoting Advisory Committee's Notes on Fed. R. Evid. 403)). Accordingly, any evidence of the Defendant's current physical or mental state is not a proper concern for the jury. See Fed. R. Evid. 401, 402, and 403.

**IV.    Conclusion**

Based upon the foregoing, this Court should grant of the United States' Motions in Limine.


                                        Respectfully submitted,

                                        Pamela J. Bondi,
                                        United States Attorney General


                        By:        _____/s/_____

                                        Alessandra P. Serano
                                        Vanessa Strobbe
                                        Special Attorneys to the United States
                                        Attorney General

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2025, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By: _____/s/_____
Alessandra P. Serano
Special Attorney to the United States Attorney General
United States Attorney's Office, EDVA
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3768
Fax: 703-299-3980
Alessandra.serano@usdoj.gov