IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD MICHAEL ROE,<br><br>*Defendant.* | No. 1:24-CR-200-BAH<br><br>Government's Position on Sentencing, Proposed Conditions of Probation, and Request for Restitution<br><br>Sentencing Date: February 6, 2026 |

**GOVERNMENT'S POSITION ON SENTENCING, PROPOSED CONDITIONS OF PROBATION, AND REQUEST FOR RESTITUTION**

The United States, by and through the undersigned counsel, hereby files its sentencing memorandum.

### I.  Sentencing Recommendation

The United States set forth a detailed statement of facts in its motion response to dismiss the indictment [ECF No. 36] and incorporates it by reference, in addition to the statement of facts contained in the executed plea agreement.

The parties agreed to the following guideline calculation: base offense level of **12**, pursuant to §2A6.1(a)(1). A 2-level increase pursuant to U.S.S.G. § §2A6.1(b)(2)(A), because more than two threats were involved. Subtract 2 levels for acceptance of responsibility resulting in an adjusted offense level of 12. Defendant is in CHC I, yielding a range of 10-16 months custody.  The probation officer arrived at different calculations resulting in an adjusted offense level of 6, yielding a range of 0-6 months.

The parties negotiated a plea agreement where the agreed upon sentence would be five years' probation. This sentence is sufficient but not greater than necessary to achieve all of the goals in 18 U.S.C. § 3553(a). Conditions of probation must comport with § 3553(a) factors. 18 U.S.C. § 3562(a).

The United States will present additional argument in support of the negotiated sentence at the sentencing hearing. In addition, the United States attaches all of the victim impact statements we received. All but one is accurately summarized in the PSR. The undersigned received a statement from V1's mother after the PSR was published and filed.

## II.  Proposed Conditions of Probation

The United States submits that the following conditions of probation should be imposed in addition to the conditions of supervision proposed by the probation officer in the PSR. These conditions were shared with the probation department in advance of this filing.

1) Pay outstanding monetary restitution *forthwith* or monthly at a rate determined appropriate by the Court.

The United States request that the "forthwith" language be included in the condition.

2) You must complete *500* hours of community service within the time in which he is on probation. The probation officer will supervise the participation in the program by approving the program (agency, location, frequency of participation, etc.). You must provide written verification of completed hours to the probation officer.

The United States seeks to increase the number of hours of community service (500 hours as opposed to 200 hours) given defendant is not working and will be on probation for 5 years.

3) The Defendant shall participate in a mental health program approved by the U.S. Probation Office. The Defendant shall continue to take any prescribed medications unless otherwise instructed by the health care provider. The Defendant shall contribute to the costs of services rendered not covered by third-party payment, if the Defendant has the ability to pay. The Court authorizes the release of available psychological and psychiatric evaluations and reports to the health care provider.

The United States seeks to have the Defendant pay for the cost of services if the Court determines he has the ability to pay.

This condition is appropriate for this Defendant given his length history involving this type of conduct towards women who have rejected him on a personal and romantic level. Two prior victims were noticed as potential witnesses under Rule 404(b) and all discovery related to these incidents was produced to Defendant. In sum, between the Fall of 2011 and the Summer of 2012 and between the Summer of 2015 to the Spring of 2016, Defendant engaged in a pattern of harassment similar to the instant offense involving two different adult women. Given his lack of control and obsessive behavior towards personal rejection, it is recommended that he attend mental health counseling to address this disturbing and illegal behavior.

4) Defendant shall not file any civil or administrative action or any police reports against any individual or entity without express permission of the probation officer. This includes, but is not limited to, federal and state courts, federal, state or local law

enforcement agencies and administrative agencies. *See e.g.*, *United States v. Bowker*, 2010 WL 1539964, at *6 (N.D. Ohio 2010) citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir.1987); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar.15, 1995) (authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a) (citations omitted)).

5) Defendant shall withdraw any pending civil or administrative actions that the Defendant initiated against the victims in this case related to counterclaims of stalking and harassment. This includes, but is not limited to, federal and state courts, federal, state or local law enforcement agencies and administrative agencies. Defendant should provide proof to the Court of the Defendant's withdrawal of any claims made in any pending legal or administrative proceedings initiated by the Defendant against the victims.

Such condition is relevant and appropriate given Defendant's filing of several false and misleading police reports trying to distract from his own unlawful behavior.

6) Defendant shall not use computer systems, internet-capable devices, and/or similar electronic devices at any location that are not monitored pursuant to the computer monitoring condition.

Such condition is appropriate for this Defendant given his lengthy history of using computer systems, internet-capable devices, and electronic devices to engage in systemic harassment of multiple people over a several year period. Given his history, the Defendant's computer and cell phone use must be monitored.

4

### III.     Request for Restitution

As listed in the PSR, four of the seven victims are seeking restitution and their requests are summarized below.

    Victim 1 - $79,834.32
    Victim 2 - $24,966.82
    Victim 3 - $9,761.96
    Victim Business 2 - $303,780.00
    **TOTAL:        $418,343.10**

Documents supporting the requests were made available to the Defendant and filed under seal with the Court. The amounts include the following:

<u>Victim 1</u>: $38,470.47 for expenses V1 spent hiring a lawyer to defend herself against the frivolous lawsuits and police reports Roe filed. $10,026.95 for expenses related to investigations/digital forensics used by the lawyers to defend against frivolous lawsuits/police allegations. $5,475.06 for lost wages and mileage to meet with FBI, the U.S. Attorney's Office and attend court hearings. $2,122.57 for moving expenses. $19,500 for future medical/therapy sessions for five years (26 biweekly visits x 5 years x $150/hour). $1,748.67 for new cell phones (including burner phone). $349.99 for new Ipad. $212.53 for medical expenses. $216.08 for security item purchases at Home Depot.

<u>Victim 2</u>: $17,235 for contractor fees to install new doors and locks in house. $2,074.47 for security system. $1,516 for Home Depot expenses for security items. $313.36 for parking and mileage to court and to FBI. $1,023.88 for new phone. $2,704.00 for security dog for protection.

5

Victim 3:

| Expense | Amount | Recurring | Duration | Total |
|---|---|---|---|---|
| Therapy | $45.00 | Weekly | 40 weeks | $1,800.00 |
| Security Cameras | $300.00 | No | | $300.00 |
| Security System Equipment | $318.99 | No | | $318.99 |
| Security System Monitoring | $50.00 | Monthly | 18 months | $900.83 |
| Rent while living away from residence | $1,100.00 | Monthly | 5 months | $5,500.00 |
| Car rental while away from residence | $942 | No | 3 months | $942.14 |

Victim Business 2:

$1,500 for attorney's fees plus



| TriSource Victims | Annual | Hourly Rate |
|---|---|---|
| Robin Roettger | $150,000.00 | $73.00 |
| Danny Gallagher | $150,000.00 | $73.00 |
| Jennifer Metz | $300,000.00 | $145.00 |
| Chris Rimorin | $350,000.00 | $167.00 |
| | | $458.00 |

Michael Roes disruption of our phones and phone lines was calculated to about 3 hours a day or 15 hours a week.

Duration of time was about 11 months or 44 weeks.

Adding this all up the damages are calculated below:

44 weeks + 15 hours a week + $458 dollars/hour = $302,280.00

**IV.     Conclusion**

The United States respectfully requests that the Court impose the requested sentence, all of the proposed conditions of probation and order restitution.

                                  Respectfully submitted,

                                  TODD W. BLANCHE
                                  DEPUTY ATTORNEY GENERAL

                                *s/ Alessandra Serano*

                                  Alessandra P. Serano
                                  Vanessa Strobbe
                                  Special Attorneys Acting Under Authority
                                  Conferred by 28 U.S.C. § 515

**CERTIFICATE OF SERVICE**

I certify that on January 23, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By: _____/s/_____
Alessandra Serano
Special Attorney Acting Under Authority
Conferred by 28 U.S.C. § 515
Special Attorney to the United States Attorney General
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: 703-299-3768
Fax: 703-299-3980
Alessandra.serano@usdoj.gov